**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CLAYCO INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| S AND D MASONRY, INC., ) | |
| ) | |
| Defendant. ) | |

**MOTION TO CONFIRM ARBITRATION AWARD**
**AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Clayco Inc. ("Clayco"), pursuant to 9 U.S.C. §§ 6 and 9, respectfully requests an Order (1) confirming the Award of the Arbitrator in the arbitration between Clayco and Defendant S and D Masonry, Inc. ("S&D"), and (2) directing that judgment be entered in its favor in the amount of $723,657.96 (plus post-judgment interest).

**PARTIES**

1.  Clayco is a Missouri corporation in good standing, with its principal place of business located at 2177 Innerbelt Business Center Drive, St. Louis, Missouri 63114.

2.  S&D is a dissolved Illinois corporation whose former principal place of business was located at 305 Industrial Lane, Wheeling, IL 60090.

**JURISDICTION AND VENUE**

3.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

4.  Jurisdiction and venue are proper pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1332(a)(1).

1

**BACKGROUND**

5. This is an action to confirm an arbitration Award and for entry of judgment pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.  The arbitration and Award in this case arise from a subcontract the parties entered into (the "Subcontract").  A true and correct copies of the Subcontract is attached as Exhibit A hereto.

6. Clayco, a design-build firm headquartered in St. Louis, Missouri, was the general contractor on a construction project located at 1980 N. Milwaukee, Chicago, Illinois (the "Project").

7. On July 31, 2017, Clayco and S&D entered into the Subcontract through which S&D was to perform internal and external masonry, as well as related services.  Under the Subcontract (including change orders), the total amount Clayco was to pay S&D was $1,669,618.00.

8. S&D defaulted on its obligations under the Subcontract by walking off the job on or about June 29, 2018.  Clayco terminated the Subcontract on July 3, 2018, after giving proper notice.  At the time it terminated the Subcontract, Clayco had paid S&D $548,009.00.

9. After S&D's default, Clayco was forced to incur $1,270,494.46 in additional costs to finish S&D's scope of work.

10. Article XXVI of the Subcontract contains a dispute resolution provision, which states, in relevant part:

> I. Contractor [Clayco] at its option may, in its sole discretion, invoke the following dispute resolution provisions, to which Subcontractor agrees to be bound in lieu of the provisions stated in Paragraphs A through M [sic] above. Specifically, upon written application of Contractor, the parties agree to submit their dispute to resolution before the American Arbitration Association ("AAA") in accordance with the Construction Industry Mediation Rules of the AAA currently in effect at the time of the mediation, adjusted as follows: (a) Contractor will file a written

    demand with the AAA for mediation of the dispute, with the dispute to be heard by a mediator in St. Louis, Missouri; (b) the mediation shall be completed within 60 days after written demand for mediation is served upon the other party; (c) by no later than 14 days prior to the mediation, the parties shall serve upon the mediator and each other a written position statement, with exhibits, outlining their respective claims and defenses; (d) by no later than 3 days prior to the mediation, the parties shall serve upon the mediator and each other a written position statement in reply to that earlier filed by the other party; (e) after eight hours of actual mediation time to be conducted in a single day, if the matter is not resolved, the mediator shall immediately assume the role of an arbitrator; (f) the arbitrator shall not consider any item of evidence which was not produced by the parties in their respective statements of position nor disclosed to the other in the course of the Mediation, all as determined by the arbitrator; (g) at such time as the mediator shall become an arbitrator, each party shall promptly make one last, best and final offer and demand in writing, which shall be simultaneously submitted to the arbitrator; (h) the arbitrator shall then disclose to the parties the amounts of said last offers and demands; (i) within five days of having received said last offers and demands (but not earlier than seventy-two hours of having received said last offers and demands), the arbitrator shall issue an Award which shall adopt one and only one of said last offers or demands, without modification or amendment, and the same shall then constitute the award. Each side shall bear its own attorney's fees, costs and expenses, including AAA fees and expenses. The award of the arbitrator shall be final and binding, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction hereof. If the award is issued prior to final completion of the Project, then the parties agree to sign a Change Order to reflect the award.

Exhibit A at 23.

    11.    Pursuant to Subsection I of Article XXVI of the Subcontracts, Clayco submitted the dispute to the American Arbitration Association ("AAA"). The dispute was assigned AAA Case No. 01-18-003-1992. Attached as Exhibit B hereto is a true and correct copy of the Arbitrator's appointment.

    12.    The Arbitrator set the date and time of the scheduled mediation pursuant to Article XXVI.I as January 31, 2019 at 8:30, and gave notice of this to both Clayco and S&D. Clayco attended the mediation as scheduled and noticed; S&D did not.

    13.    On February 5, 2019, the Arbitrator issued an Award (the "Award," a true and correct copy of which is attached hereto as Exhibit C). The Arbitrator found in Clayco's favor,

3

and awarded it the sum of $1,270,494.46.  The Arbitrator further found that a setoff of $548,009.00 was warranted for amounts Clayco had not yet paid to S&D under the Subcontract. The Award thus ordered S&D to pay Clayco the sum of $722,485.46.  The Award further stated that S&D was to pay Clayco the sum of $1,172.50 for S&D's portion of fees and expenses for the dispute resolution process (which Clayco had paid the entirety of).

14. S&D has not paid the Award Balance to date.

15. No motion to vacate, modify, or correct the Award has been filed by either party.

16. Subsection I of Article XXVI does not specify a court or jurisdiction in which the Final Award must be confirmed.  Therefore, this Court has jurisdiction and venue to enforce the Final Award, per 9 U.S.C. § 9.

## ARGUMENT

17. "The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions." *Plocher Construction Co., Inc. v. Overseas Lease Group, Inc.*, No. 4:17-MC-156 JAR, 2017 WL 2213739, *1 (E.D. Mo. May 19, 2017) (citation omitted).  Proceedings to confirm an arbitration award are summary in nature. *Id*. Confirmation is mandatory in the absence of certain limited exceptions.  "Section 9 of the FAA provides that federal courts '**must grant**' an order confirming an arbitration award 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].'" *UHC Mgmt. Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992, 997 (8th Cir. 1998) (emphasis added). "Congress did not authorize *de novo* review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has **no choice** but to confirm." *Id*. (emphasis added).

18. "Arbitrators are to be given maximum deference." *Card v. Stratton Oakmont, Inc.*, 933 F.Supp. 806, 809 (D. Minn. 1996). In reviewing arbitration awards, courts are "limited to determining whether the arbitrators did the job they were told to do, not whether they did it well, or correctly, or reasonably[.]" *Id.* (internal quotations and citation omitted).

19. The Arbitrator did his job here. He adjudicated the parties' claims and defenses, and awarded judgment only on the specific dispute at issue (*i.e.*, S&D's default under the Subcontract and the amounts due to Clayco because of the default).

20. As discussed above, confirmation of the Award is mandatory in the absence of an objection.

## CONCLUSION

For the foregoing reasons, Plaintiff Clayco Construction Co., Inc., d/b/a Clayco Inc., moves for an Order (1) confirming the Final Award and (2) entering judgment in its favor in the amount of $723,657.86 together with post-judgment interest.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: /s/ Jason K. Turk
Robert D. Blitz, #24387MO
Jason K. Turk, #58606MO
120 S. Central Ave., Ste. 1500
St. Louis, MO  63105
(314) 863-1500
(314) 863-1877 (facsimile)
rblitz@bbdlc.com
jturk@bbdlc.com

*Attorneys for Clayco Construction Co., Inc.*